2007 OK 26

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Brett Dean SANGER, Respondent.**

SCBD No. 5235.

Supreme Court of Oklahoma.

April 23, 2007.

**ORDER**

¶ 1 Upon consideration of (1) respondent's affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A, by which a request is made that he be allowed to relinquish his license to practice law (*cum* membership in the Oklahoma Bar Association [Bar]) and (2) complainant's application for an order approving resignation,

¶ 2 **THE COURT FINDS AND HOLDS:**

1. During the pendency of disciplinary proceedings against him Brett Dean Sanger [respondent] offered, on 18 October 2006, to surrender his license to practice law and to resign from Bar membership.

2. Respondent's act of surrender and resignation was freely and voluntarily made without coercion or duress. Respondent is fully aware of the legal consequences that will flow from his resignation.

3. Respondent is aware of pending investigations by the Bar's general counsel into grievances made against him. If proven, these grievances would constitute violations of Rules 1.3, 1.4, 5.2, and 7.7, RGDP, 5 O.S.2001, Ch. 1, App. 1–A; of Rules, 1.1, 1.3, 1.4, 1.5, 1.7, 1.8, 1.15, 3.2, 8.1, 8.1(b), 8.4(a)(b)(c), ORPC, 5 O.S. 2001, Ch. 1.App. 3–A, as well as of his oath as a licensed Oklahoma lawyer.

4. The grievances contain these allegations:

   Count 1

   DC–06–177 Criminal charges were filed against respondent in the District Court of Dewey County in the following causes:

   CF–2005–61: furnishing an alcoholic beverage to a person under 21 years of age;

CF–2005–62: driving while under the influence of alcohol;

CM–2005–283: transporting a firearm while under the influence of alcohol.

This conduct, if proved, violates Rules 8.4(a)and (b), ORPC, and Rule 1.3, RGDP. Respondent submitted to the Office of General Council (OGC) AA attendance records which contain falsified signatures of various AA Sponsors. These falsifications, if proved, violate Rules 8.1 and 8.4(c), ORPC, and Rules 1.3 and 5.2, RGDP.

Count 2

Respondent failed to complete a probate matter for client Pamala Sampson. He failed to account for estate assets and to communicate with his client, and he failed to provide a full and fair disclosure of all relevant facts to the OGC. This conduct, if proved, is in violation of Rules 1.1, 1.3, 1.4, 1.15, 3.2, 8.1(b), and 8.4(a), ORPC, and Rules 1.3, and 1.4, RGDP.

Count 3

Respondent neglected and failed to complete representation of a client in a criminal matter. A civil suit for the recovery of unearned fees was filed against respondent and a default judgment was entered. This conduct, if proved, is in violation of Rules 1.3, 1.4, and 1.5, ORPC, and Rule 1.3, RGDP. Respondent provided the OGC a brief response to this grievance and attached a copy of a motion to vacate filed in the civil matter as his answer to these allegations. Respondent's failure to provide a full and fair disclosure of all relevant facts in the matter is, if proved, a violation of Rule 5.2, RGDP.

Count 4

Respondent was indefinitely suspended from the practice of law before the Internal Revenue Service (IRS) in January, 2006, and failed to report this suspension to the OGC. This conduct, if proved, violates Rule 1.3, and 7.7, RGDP.

Count 5

Respondent had an inappropriate relationship with a client and engaged in business transactions with this individual without advising her to seek independent legal advice and assistance. Respondent instructed the client to lie under oath during a deposition, assisted her in the commission of insurance fraud, used the client's checking account for his personal purposes and business practice to avoid creditors, and forged the client's name in a real estate transaction. This conduct, if proved, violates Rules 1.7, 1.8, 1.15, and 8.4(a)(b)(c), ORPC, and Rules 1.3 and 1.4, RGDP.

5. Respondent waives any and all of his rights to contest the allegations outlined in his affidavit on file in this cause.

6. Respondent recognizes, understands and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five (5) years from the effective date of this order.

7. Respondent agrees to comply with Rule 9.1, RGDP, 5 O.S.2001, Ch. 1, App. 1–A, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by Rule 1.1, RGDP, 5 O.S.2001, Ch. 1, App. 1–A.

8. Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions.

9. Costs of this proceeding have been expressly waived by the complainant.

10. Respondent's resignation during the pendency of disciplinary proceedings is in compliance with Rule 8.1, RGDP, 5 O.S.2001, Ch. 1, App. 1–A.

11. Respondent's name and address appear on the official bar roster as:

Brett Dean Sanger, 803 Robert S. Kerr Ave., Oklahoma City, OK 73106.

¶ 3 THE COURT THEREFORE ORDERS THAT the *resignation* of Brett Dean Sanger, tendered during the pendency of disciplinary proceedings, stands approved;

the respondent's name is stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this order; repayment to the Client Security Fund for any money disbursed (or to be disbursed) because of respondent's conduct shall be a condition of respondent's reinstatement; respondent shall comply with Rule 9.1, RGDP, 5 O.S.2001, Ch. 1, App. 1–A, and the complainant's waiver of costs in this cause stands approved.

¶4 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF APRIL, 2007.**

/s/ James R. Winchester
JAMES R. WINCHESTER, Chief Judge

¶5 All justices concur.